UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIXIN CAO,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, warden of Otay Mesa Detention Center, et al.,<br><br>                    Respondents. | Case No.:  3:26-cv-01488-RBM-AHG<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Haixin Cao's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  For the reasons below, the Court **GRANTS in part** the Petition.

## I.      BACKGROUND

**A.    Factual Background**

Petitioner, a citizen of China, entered the United States on May 18, 2025.  (*Id.* ¶¶ 16–18.)  He was immediately apprehended by Customs and Border Patrol officers and taken into immigration custody, where he has remained since.  (*Id.* ¶ 18.)  The Department of Homeland Security ("DHS") initially found Petitioner did not have a credible fear of persecution, but reversed after Petitioner's second credible fear interview and allowed him to move forward with an asylum application.  (*Id.* ¶ 19.)  Petitioner's Notice to Appear was filed on September 5, 2025.  (*Id.*)  He has had three Master Calendar hearings, and his individual merits hearing is set for May 11, 2026.  (*Id.*)

**B.    Procedural Background**

Petitioner filed the Petition on March 10, 2026.  (Doc. 1.)  The same day, the Court

1

issued an Order to Show Cause and set a briefing schedule.  (Doc. 2.)  Respondents filed their Return to Petition for Writ of Habeas Corpus ("Return") on March 17, 2026.  (Doc. 3.)  Petitioner filed his Traverse to Petition ("Reply") on March 23, 2026.  (Doc. 4.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his detention without a bond hearing has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 33–44.)  Respondents note that although they believe Petitioner's detention is mandated by 8 U.S.C. § 1225(b), they "do not oppose entry of an order requiring a bond hearing before an immigration judge (IJ) during this Petitioner's removal proceedings."  (Doc. 3 at 1.)  In his Reply, Petitioner "restates his request for immediate release as a remedy" or, alternatively, asks the Court to set certain conditions regarding the bond hearing.  (Doc. 4 at 2.)

Because Respondents do not oppose the request for a bond hearing, the Court **GRANTS** the Petition.  The Court does not, however, find that immediate release is appropriate.  Although an unreasonably prolonged detention can entitle a petitioner to habeas relief in the form of a bond hearing, the Court disagrees that it "can rise to the level of a constitutional violation warranting *release*."  (*See* Doc. 1 at 13 (citing *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773 (S.D. Cal. 2020)) (emphasis added).)  Even the court in *Kydyrali* ordered that the petitioner must be provided a bond hearing, not that he must be released.

2

3:26-cv-01488-RBM-AHG

*Kydyrali*, 499 F. Supp. 3d at 774–75.  This approach is consistent with rulings issued by this Court and other courts in this District, and the Court sees no reason to deviate from them here.  *See, e.g.*, *Xie v. LaRose*, Case No.: 3:26-cv-00529-RBM-DDL, 2026 WL 549909, at *4 (S.D. Cal. Feb. 27, 2026) (ordering bond hearing); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025) (same).

## IV.  CONCLUSION

For the foregoing reasons, the Petition is **GRANTED in part**.  Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **ten (10) days** of entry of this Order to determine whether his continued detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to the community or a risk of flight. If no hearing occurs **within ten (10) days** of entry of this Order, Petitioner shall be released from Respondents' custody.  On or before **April 13, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that hearing.

**IT IS SO ORDERED.**

DATE:  March 25, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

3:26-cv-01488-RBM-AHG